Investigator — Two Counties — Salary District Attorney may appoint one individual to serve as "investigator" in more than one county of his district, provided County Commissioners and Excise Boards of counties concerned approve. The Attorney General has had under consideration your request for an opinion on your authority to appoint investigators other than the District Investigator provided for in 19 O.S. 215.15 [19-215.15] (1969). You inform us that two of the four counties of your District Attorney district "do not need or want a paid Investigator" but that the other two counties do "need" an investigator, and you then inquire: "May I appoint an investigator for the two counties if the two counties will pay the entire cost and with the approval of the Board of County Commissioners and the Excise Board of the two counties?" Section 19 O.S. 215.15 [19-215.15] with which you are concerned was originally enacted as part of the "District Attorneys Bill" of Oklahoma in 1965. This particular section has been amended at every session of the Legislature since 1965, and, in its present form, now reads in pertinent part as follows: "Each District Attorney subject to provisions hereinafter set forth may appoint such assistants, investigators, clerks and stenographers at such salaries and compensation as he shall deem necessary for the proper performance of his duties; provided, the total number thereof does not exceed a number equal to the total of the county attorneys, assistant County Attorneys, investigators, clerks and stenographers, employed in the offices of the county attorneys in the counties within the district on the effective date of this act; provided, however, the District Attorney may employ additional assistants, investigators, clerks and stenographers, as he call establish the need for. Compensation for all of the personnel and employees named in Section 11 shall be subject to the approval of the Board of County Commissioners and County Excise Board of the county which they will serve: provided that such salaries on the effective date of this act shall not he reduced in any event. Each district may, at the request of the District Attorney have at least one District Investigator in any district having a population of forty-three thousand (43,000) or more, according to the 1960 Federal Decennial Census or any succeeding Federal Census or comprised of five or more counties, the cost thereof to be borne by the counties in the manner aforesaid, proportionally according to their respective portion of the total population of the district. If said District Investigator is licensed to practice law in the State of Oklahoma he may also act as an Assistant District Attorney in all matters." It is to be noted that the statute presently provides that certain districts may have "at least one District Investigator." We have previously held that the District Investigator so provided for will be in addition to the other"assistants, investigators. clerks and stenographers" in the counties of a district attorney's district. See Attorney General's Opinion No. 67-271. We think it is clear from the language of the statute and that it is in accord with our previous opinion that this District Investigator is to be appointed in and for the District Attorney's District as a whole and that his "cost" is to be borne by all of the counties of the district. It is also clear, however, that the statute contemplates and authorizes the appointment of investigators other than a District Investigator. The appointment of such other investigators is limited only by the provisions (1) that such appointment not cause the total number of "such assistants, investigators, clerks and stenographers" to exceed the number of "county attorneys, assistant county attorneys, investigators, clerks and stenographers, employed in the offices of the county attorneys within the district on the effective date of this act," or, (2) that if the appointment will cause such an excess, (a) that a need be established and (b) that compensation be approved by the Commissioners and Excise Board. In another previous Attorney General's Opinion, to-wit: Opinion No. 65-372, we concluded that a District Investigator such as authorized by the District Attorney Bill would not be a public officer but merely an employee of the District Attorney. We now express the opinion that the same conclusion applies as to any other investigators appointed by a District Attorney. We find no requirement in Section 19 O.S. 215.15 [19-215.15], supra, that such other investigators be fulltime employees in the counties in which they are to serve. While dual office holding is in general prohibited by Oklahoma law, we know of no prohibition on dual employment or compensation for more than period position of public employment. We therefore conclude that one individual could serve in the two willing counties of your district, not as "District Investigator," but as a part time "investigator" in each county. All of the foregoing considered, we answer your question in the affirmative. That is, it is the opinion of the Attorney General that you may appoint an investigator for any county of your district wherein the County Commissioners and Excise Board will approve compensation for same, and it is permissible for the same individual to be so appointed and compensated by more than one county. (We assume without discussion that the general requirement that public employees will give personal attention to their duties will be met. See Article II, Section 11
Oklahoma Constitution.) (Hugh H. Collum) ** SEE: OPINION NO. 71-240 (1971) ** ** SEE: OPINION NO. 75-224 (1975) **